480

## In re RUBINFELD.
### No. 43365.

District Court, E. D. New York.

Oct. 4, 1943.

Weinshenker & Weinshenker, of New York City, for trustee.

Renander & Miller, of Jamaica, N. Y. (Julius Zizmor, of Brooklyn, N. Y., of counsel), for bankrupt.

MOSCOWITZ, District Judge.

The trustee seeks to dismiss the petition for review of an order made by the referee denying the bankrupt's discharge.

There are two specifications of objection which are as follows:

"Specification No. 1: That the bankrupt has failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained."

"Specification No. 2: That the bankrupt has failed to satisfactorily explain losses of assets or deficiency of assets to meet his liabilities.

"(a) That at the time of the filing of the petition herein, the bankrupt had liabilities of approximately $4,600.00 and no assets, and the bankrupt has wholly failed to explain the deficiency or loss of assets."

The referee has sustained the first specification and overruled the second specification and has denied the bankrupt's discharge based upon the first specification.

If the first specification was established the bankrupt was not entitled to his discharge. The bankrupt claims that he kept certain books. He testified that under a levy of execution upon a judgment the marshal sold his business and that his records and books were disposed of by the marshal.

The referee in his decision discusses at length the proposition that commercial books of a merchant are exempt from sale under an execution—in this he is quite correct—and then states, "therefore, the bankrupt cannot be excused for failure to preserve books of account or records by reason of the alleged taking thereof by the marshal some time in March or April, 1941, if, in fact, the marshal took such records."

The question here is, Did the bankrupt keep proper books? If he did and the marshal disposed of the same and the bankrupt knowingly and fraudulently permitted him so to do, intending that the record should not be available to creditors, then, of course, the bankrupt would not be entitled to his discharge. It cannot be ascertained from the decision of the referee whether the bankrupt did in fact keep adequate books and, if he did, whether the marshal disposed of the same and the circumstances under which the marshal did so.

If the bankrupt did in fact keep proper books and the marshal disposed of the same unlawfully without the consent or connivance of the bankrupt, that would not prevent the bankrupt's discharge. A bankrupt is under a burden to preserve his books. The question of fact to be determined is, whether the bankrupt kept proper books and whether the marshal disposed of the same, and the circumstances under which he did so.

The order will be reversed and specification of objection number one referred back to the referee at which time further testimony may be adduced.

Settle order on notice.